**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. PAUL BERRY III,<br><br>Plaintiff,<br><br>vs.<br><br>PATTONVILLE R-3 SCHOOL DISTRICT BOARD OF EDUCATION, et al.<br><br>Defendants. | ) | Case No.: 4:25-cv-00773-JAR |

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES</u>**

COME NOW Defendants, Pattonville R-III School District Board of Education, Pattonville R-III School District, Jeanne Schottmueller, Barry Nelson, Latoria Cain, Samantha Wandersee, Allison Collins, and Kelly Gordon (hereinafter collectively "Defendants"), by and through their attorneys, TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C, and for their Answer and Affirmative Defenses to Plaintiff's Verified Petition for Writ of Mandamus, Writ of Prohibition, Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Judicial Review of Uncontested Agency Decision, Declaratory Judgment and Production of Public Records Pursuant to the Missouri Sunshine Law, state as follows:

1. Defendants admit that Plaintiff purports to request declaratory, injunctive, and writ relief. Defendants deny that Plaintiff has a viable cause of action under any theory of fact or law or is entitled to the relief requested. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 1.

2. Defendants admit that Plaintiff purports to request declaratory, injunctive, and writ relief. Defendants deny that Plaintiff has a viable cause of action under any theory of fact or

law or is entitled to the relief requested. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 2.

3. Defendants admit that Dr. Barry Nelson is the Superintendent of Schools for Pattonville R-III School District. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 3.

4. Defendants deny the allegations contained in Paragraph 4.

5. Defendants admit that Dr. Barry Nelson is aware of and complies with District policy, Missouri law, and federal law. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 5. By way of further answer, Defendants state that Plaintiff, as indicated in the District's Policy AC, may file a complaint with any district administrator at any time under Policy AC. *See* Plaintiff's Attachment 1, at III.A.1.

6. Defendants deny the allegations contained in Paragraph 6. By way of further answer, the District's Policy AC, Section III, Part A(1) states complaints may be reported to "***any*** district administrator ***or*** to the Compliance Coordinator." *See* Plaintiff's Attachment 1 (emphasis added).

7. Defendants admit that Dr. Barry Nelson is aware of and complies with District policy. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 7. By way of further answer, Defendants state that Plaintiff, as indicated in the District's Policy AC, may file a complaint with any district administrator at any time under Policy AC. *See* Plaintiff's Attachment 1, at III.A.1.

8. Paragraph 8 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants admit that Plaintiff purports to assert claims pursuant to the United States Constitution. Defendants deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 10.

11. Defendants admit that Ms. Teisha Ashford investigated Plaintiff's complaints regarding the 2025 Pattonville High School Cheerleading Audition, and Defendants admit that Ms. Ashford found Plaintiff's complaints to be unsubstantiated. Defendants further admit that Ms. Ashford's finding is not appealable pursuant to District Policy. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 11. By way of further answer, Plaintiff did not and has not filed a complaint under the District's Policy AC. Should he wish to do so, Plaintiff, as indicated in the District's Policy AC, may file a complaint with any district administrator at any time under Policy AC. *See* Plaintiff's Attachment 1, at III.A.1.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13. By way of further answer, Plaintiff has alleged that he submitted a request for records to the inactive email address of a former District employee, not to the District or its Custodian of Records.

14. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 14; therefore, Defendants deny all allegations contained in Paragraph 14.

15. Defendants admit that the District's high school registrar sent an email to the parents of Berry Pupil requesting updated proof of residency documentation to confirm Berry Pupil's continued residency within the District's boundaries in April and May 2025, after Berry Pupil's proof of residency (a lease) expired in February 2025. Defendants deny that Plaintiff

previously provided updated proof of residency to the District's high school registrar for Berry Pupil. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants admit that Plaintiff purports to assert a claim pursuant to Mo. Rev. Stat. § 536.150. Defendants deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 18.

19. Defendants admit that Plaintiff purports to seek a court declaration regarding Berry Pupil's residence. Defendants deny that Plaintiff is legally entitled to such a declaration or that such a declaration is needed. Defendants further deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 19.

20. Defendants admit that Plaintiff purports to seek a court declaration regarding the District's 2025 High School Cheerleading Audition. Defendants deny that Plaintiff is legally entitled to such a declaration. Defendants further deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 20.

21. Defendants admit that Plaintiff purports to seek a court declaration regarding the District's 2025 High School Cheerleading Audition. Defendants deny that Plaintiff is legally entitled to such a declaration. Defendants further deny that Plaintiff has a viable cause of action

under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 21.

22. Defendants admit that Plaintiff purports to seek a court declaration regarding the District's Policy AC. Defendants deny that Plaintiff is legally entitled to such a declaration. Defendants further deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 22.

23. Defendants admit that Plaintiff purports to seek a court declaration regarding the District's Policy AC. Defendants deny that Plaintiff is legally entitled to such a declaration. Defendants further deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 23.

24. Defendants admit that Plaintiff purports to seek a court declaration regarding the employment of Dr. Tori Cain. Defendants deny that Plaintiff is legally entitled to such a declaration. Defendants further deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 24.

25. Defendants admit that Plaintiff purports to seek a court declaration regarding the District's Policy KBA. Defendants deny that Plaintiff is legally entitled to such a declaration. Defendants further deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 25.

26. Defendants admit that Plaintiff purports to seek a court declaration regarding the District's Policy KBA and its Custodian of Records. Defendants deny that Plaintiff is legally entitled to such a declaration. Defendants further deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27. Defendants further deny that Plaintiff is entitled to any relief sought in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28. Defendants further deny that Plaintiff is entitled to any relief sought in Paragraph 28.

29. Defendants admit that Plaintiff purports to seek declaratory, injunctive, and writ relief pursuant to 42 U.S.C. § 1983. Defendants deny that Plaintiff is legally entitled to such a declaration. Defendants further deny that Plaintiff has a viable cause of action under any theory of fact or law. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30. Defendants further deny that Plaintiff is entitled to any relief sought in Paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 31; therefore, Defendants deny all allegations contained in Paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 32; therefore, Defendants deny all allegations contained in Paragraph 32.

33. Defendants admit the Board of Education for Pattonville R-III School District contains seven board members. The remainder of Paragraph 33 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 33, except as expressly admitted herein.

34. Defendants admit that Pattonville R-III School District is a Missouri public school district. The remainder of Paragraph 34 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 34, except as expressly admitted herein.

35. Defendants admit that Ms. Jeanne Schottmueller is the President of Pattonville School District's Board of Education. The remainder of Paragraph 35 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 35, except as expressly admitted herein.

36. Defendants admit that Dr. Barry Nelson is the Superintendent of Schools for Pattonville R-III School District. The remainder of Paragraph 36 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 36, except as expressly admitted herein.

37. Defendants admit that Dr. Tori Cain is the Assistant Superintendent of Student Services and Compliance Coordinator for Pattonville R-III School District. The remainder of Paragraph 37 asserts a legal conclusion to which no response is required. To the extent further

response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 37, except as expressly admitted herein.

38. Defendants admit that Ms. Teisha Ashford is Principal of Pattonville High School and that Ms. Ashford investigated Plaintiff's complaints relating to Berry Pupil not making Pattonville High School's Varsity Cheerleading Team for the 2025-2026 school year. Defendants further admit that Ms. Ashford's findings based on Plaintiff's complaints – as reported to Ms. Ashford – are not appealable to the District's Board of Education. The remainder of Paragraph 38 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 38, except as expressly admitted herein.

39. Defendants admit that Mr. Jason Sellers is the Activities Director of Pattonville High School. The remainder of Paragraph 39 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 39, except as expressly admitted herein.

40. Defendants admit that Ms. Samantha Wandersee is the Varsity Cheerleading Coach of Pattonville High School. Defendants deny that Ms. Wandersee is in her first year as the Varsity Cheerleading Coach. The remainder of Paragraph 40 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 40, except as expressly admitted herein.

41. Defendants admit that Ms. Makenzie Williams is an assistant cheerleading coach for Pattonville High School. The remainder of Paragraph 41 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all

allegations of fact and conclusions of law contained in Paragraph 41, except as expressly admitted herein.

42. Defendants admit that Ms. Jan Schweiss is an elected board member of the Pattonville R-III School District's Board of Education and serves as the Board Secretary. Defendants deny that Ms. Schweiss is the "secretary to the Board of Education." The remainder of Paragraph 42 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 42, except as expressly admitted herein.

43. Defendants admit that Ms. Allison Collins is the Assistant to the Superintendent and Community Relations and Secretary to the Board of Education for the Pattonville R-III School District. The remainder of Paragraph 43 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 43, except as expressly admitted herein.

44. Defendants admit that Ms. Kelly Gordon is the Chief Communications Officer for the Pattonville R-III School District. Defendants further admit that Ms. Gordon serves as the Custodian of Records for the District under Missouri's Sunshine Law. The remainder of Paragraph 44 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 44, except as expressly admitted herein.

45. Paragraph 45 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 45.

46. Paragraph 46 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 46.

47. Defendants incorporate by reference their responses to Paragraphs 1-46, as if fully set forth herein.

48. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 48; therefore, Defendants deny all allegations contained in Paragraph 48.

49. Defendants admit that Berry Pupil is a 15-year-old female at Pattonville High School. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 49.

50. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 50; therefore, Defendants deny all allegations contained in Paragraph 50.

51. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 51; therefore, Defendants deny all allegations contained in Paragraph 51.

52. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 52; therefore, Defendants deny all allegations contained in Paragraph 52.

53. Defendants admit that Plaintiff has complained about various matters relating to the District's cheerleading team. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants admit the allegations contained in Paragraph 55.

56. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 56; therefore, Defendants deny all allegations contained in Paragraph 56.

57. Defendants admit that Berry Pupil is currently enrolled in Pattonville High School as a 10th grade student. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 57; therefore, Defendants deny all allegations contained in Paragraph 57, except as expressly admitted herein.

58. Defendants admit that Berry Pupil is currently enrolled in Pattonville High School. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 58.

59. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 59; therefore, Defendants deny all allegations contained in Paragraph 59. By way of further answer, Defendants state that the District has requested documentation to establish current proof of residency from Berry Pupil's parents on multiple occasions over the years.

60. Defendants deny the allegations contained in Paragraph 60. By way of further answer, Defendants state that the District is not seeking to unenroll Berry Pupil, and Berry Pupil is not currently subject to potential expulsion.

61. Defendants state that Exhibit 2 speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63.

64. Paragraph 64 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 64.

65. Paragraph 65 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants admit that Berry Pupil is currently enrolled in Pattonville High School as a resident student. The remainder of Paragraph 68 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 68, except as expressly admitted herein.

69. Defendants state that Policy JEC speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 69.

70. Defendants state that Policy JECA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 70.

71. Defendants admit that Berry Pupil is currently enrolled in Pattonville High School as a resident student. The remainder of Paragraph 71 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 71, except as expressly admitted herein.

72. Defendants admit that Pattonville R-III School District is a Missouri public school district. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 72.

73. Defendants state that Mo. Rev. Stat. Section 167.020.2(1) speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 73, except as expressly admitted herein.

74. Defendants state that Mo. Rev. Stat. Section 167.020.2(1) speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 74, except as expressly admitted herein.

75. Paragraph 75 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 75.

76. Defendants state that Policy JECA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 76.

77. Defendants state that Policy JECA and Mo. Rev. Stat. § 167.020 speak for themselves. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 77.

78. Paragraph 78 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants admit that the District can require parents and/or legal guardians of resident students enrolled in the District to submit documentation to establish continued residency within the District's boundaries. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 81.

82. Defendants state that the District's correspondence to Plaintiff speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 82.

83. Defendants state that Policy JECA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84.

85. Defendants admit the allegations contained in Paragraph 85.

86. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 86, including subsections (a) – (c); therefore, Defendants deny all allegations contained in Paragraph 86, including subsections (a) – (c).

87. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 87; therefore, Defendants deny all allegations contained in Paragraph 87.

88. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 88; therefore, Defendants deny all allegations contained in Paragraph 88.

89. Defendants state that the District's correspondence to Plaintiff speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 89.

90. Defendants deny the allegations contained in Paragraph 90.

91. Defendants admit that Ms. Wandersee is the District's Varsity Cheerleading Coach, and that Ms. Wandersee – with others – organized the District's cheerleading tryouts for

the 2025-2026 school year. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 91.

92. Defendants states that Policy JFCG speaks for itself. Defendants deny that its cheerleading tryouts for the 2025-2026 school year did not comply with District policy. To the extent that further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 92.

93. Defendants admit that Berry Pupil did not earn a spot on the District's varsity cheerleading team based on her tryout scores. Except as expressly admitted herein, Defendants deny all allegations contained in Paragraph 93.

94. Defendants admit that Berry Pupil earned a spot on the District's varsity cheerleading team for the 2024-2025 school year as a freshman. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 94; therefore, Defendants deny all allegations contained in Paragraph 94, except as expressly admitted herein.

95. Defendants deny the allegations contained in Paragraph 95.

96. Defendants deny the allegations contained in Paragraph 96.

97. Defendants deny the allegations contained in Paragraph 97.

98. Defendants deny the allegations contained in Paragraph 98.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants admit that the District's cheerleading tryouts serve a legitimate purpose. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 100.

101. Defendants admit that Plaintiff inquired regarding the District's cheerleading tryouts. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 101.

102. Defendants admit that Plaintiff inquired regarding the District's cheerleading tryouts. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 102, including subsections (a) – (c).

103. Defendants deny the allegations contained in Paragraph 103.

104. Defendants deny the allegations contained in Paragraph 104.

105. Defendants admit that Ms. Wandersee is not a member of the District's Board of Education and is not a school principal. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106.

107. Defendants state that Policy JFC speaks for itself. To the extent further response is required, Defendants deny the allegations contained in Paragraph 107.

108. Defendants state that Policy JG speaks for itself. To the extent further response is required, Defendants deny the allegations contained in Paragraph 108.

109. Defendants deny the allegations contained in Paragraph 109.

110. Defendants admit that its student handbook does not include tryout criteria for any District extracurricular activity. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 110.

111. Defendants deny the allegations contained in Paragraph 111.

112. Defendants deny the allegations contained in Paragraph 112.

113. Defendants state that Policy IGD speaks for itself. The remainder of Paragraph 113 asserts legal conclusions to which no response is required. To the extent further response is deemed necessary, Defendants deny the allegations contained in Paragraph 113.

114. Defendants deny all allegations contained in Paragraph 114.

115. Defendants deny all allegations contained in Paragraph 115.

116. Defendants deny all allegations contained in Paragraph 116.

117. Defendants state that Policy KL speaks for itself. To the extent further response is required, Defendants deny the allegations contained in Paragraph 117.

118. Defendants state that Policy KL speaks for itself. To the extent further response is required, Defendants deny the allegations contained in Paragraph 118.

119. Defendants state that Policy KL speaks for itself. To the extent further response is required, Defendants deny the allegations contained in Paragraph 119.

120. Defendants state that Policy JFH speaks for itself. To the extent further response is deemed necessary, Defendants deny the allegations contained in Paragraph 120.

121. Defendants admit that Plaintiff and/or Berry Pupil may submit a complaint to the District under Policy AC. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 121.

122. Defendants state that Policy AC speaks for itself. To the extent further response is deemed necessary, Defendants deny the allegations contained in Paragraph 122.

123. Defendants state that Policy AC speaks for itself. To the extent further response is deemed necessary, Defendants deny the allegations contained in Paragraph 123.

124. Defendants state that Policy AC speaks for itself. To the extent further response is deemed necessary, Defendants deny the allegations contained in Paragraph 124.

125. Defendants deny the allegations contained in Paragraph 125.

126. Defendants deny the allegations contained in Paragraph 126.

127. Defendants deny the allegations contained in Paragraph 127.

128. Defendants deny the allegations contained in Paragraph 128.

129. Defendants deny the allegations contained in Paragraph 129.

130. Defendants deny the allegations contained in Paragraph 130.

131. Defendants deny the allegations contained in Paragraph 131.

132. Defendants deny the allegations contained in Paragraph 132.

133. Defendants deny the allegations contained in Paragraph 133.

134. Defendants deny the allegations contained in Paragraph 134.

135. Defendants deny the allegations contained in Paragraph 135.

136. Defendants deny the allegations contained in Paragraph 136.

137. Defendants admit that Dr. Nelson is aware of and complies with District policy. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 137.

138. Defendants deny the allegations contained in Paragraph 138.

139. Defendants deny the allegations contained in Paragraph 139.

140. Defendants state Exhibit 7 speaks for itself. To the extent further answer is required, Defendants deny the allegations contained in Paragraph 140.

141. Defendants state Exhibit 8 speaks for itself. To the extent further response is deemed necessary, Defendants deny the allegations contained in Paragraph 141.

142. Defendants state Exhibit 9 speaks for itself. To the extent further response is deemed necessary, Defendants deny the allegations contained in Paragraph 142.

143. Defendants state Exhibit 10 speaks for itself. To the extent further response is deemed necessary, Defendants deny the allegations contained in Paragraph 143.

144. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 144; therefore, Defendants deny all allegations contained in Paragraph 144.

145. Defendants state Policy AC speaks for itself. To the extent further response is deemed necessary, Defendants denies the allegations contained in Paragraph 145.

146. Defendants deny the allegations contained in Paragraph 146.

147. Defendants deny the allegations contained in Paragraph 147.

148. Defendants deny the allegations contained in Paragraph 148.

149. Defendants admit that Dr. Tori Cain is employed by the District's Board of Education to serve as the District's Assistant Superintendent of Student Services. Defendants further state that Exhibit 11 speaks for itself. To the extent further response is deemed necessary, Defendants denies the allegations contained in Paragraph 149, except as expressly admitted herein.

150. Defendants deny the allegations contained in Paragraph 150.

151. Defendants deny the allegations contained in Paragraph 151.

152. Defendants deny the allegations contained in Paragraph 152.

153. Defendants admit the allegations contained in Paragraph 153.

154. Defendants state Exhibit 11 speaks for itself. To the extent further response is deemed necessary, Defendants denies the allegations contained in Paragraph 154.

155. Defendants deny the allegations contained in Paragraph 155.

156. Defendants state Exhibit 12 speaks for itself. To the extent further response is deemed necessary, Defendants denies the allegations contained in Paragraph 156.

157. Defendants deny the allegations contained in Paragraph 157.

158. Defendants deny the allegations contained in Paragraph 158.

159. Defendants deny the allegations contained in Paragraph 159.

160. Defendants admit that Dr. Tori Cain and Dr. Barry Nelson are required to have knowledge of and abide by District policies. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 160.

161. Paragraph 161 contains legal conclusions for which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 161.

162. Defendants deny the allegations contained in Paragraph 162.

163. Defendants deny the allegations contained in Paragraph 163.

164. Defendants deny the allegations contained in Paragraph 164.

165. Defendants admit that the District is a Missouri public school district. The remainder of Paragraph 165 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 165, except as expressly admitted herein.

166. Defendants admit that the District is a Missouri public school district. The remainder of Paragraph 166 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 166, except as expressly admitted herein.

167. Defendants deny the allegations contained in Paragraph 167.

168. Defendants deny the allegations contained in Paragraph 168.

169. Paragraph 169 contains a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 169.

170. Defendants deny the allegations contained in Paragraph 170.

171. Defendants state that Policy KBA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 171.

172. Defendants state that Policy KBA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 172.

173. Defendants state that Mo. Rev. Stat. § 610.023 speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 173.

174. Defendants deny the allegations contained in Paragraph 174.

175. Defendants state that Policy KBA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 175.

176. Defendants state that Policy KBA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 176.

177. Paragraph 177 contains a legal conclusion for which no response is required. To the extent that further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 177.

178. Defendants deny the allegations contained in Paragraph 178.

179. Defendants deny the allegations contained in Paragraph 179.

180. Defendants state that Policy KBA speaks for itself. To the extent further response is deemed necessary, Defendants denies the allegations contained in Paragraph 180.

181. Defendants state that Policy BDDL speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 181.

182. Defendants state that Policy BDDL speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 182.

183. Defendants state that Policy BDDL speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 183.

184. Defendants state that Policy BDDL speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 184.

185. Defendants state that the District's policies speaks for themselves. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 185.

186. Defendants deny the allegations contained in Paragraph 186.

187. Defendants deny the allegations contained in Paragraph 187.

188. Defendants admit that the District can choose who serves as its Custodian of Records. Expect as expressly admitted herein, Defendants deny the allegations contained in Paragraph 188.

189. Defendants state that Policy BDDL and Policy KBA speak for themselves. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 189.

190. Defendants deny the allegations contained in Paragraph 190.

191. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 191; therefore, Defendants deny all allegations contained in Paragraph 191.

192. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 192; therefore, Defendants deny all allegations contained in Paragraph 192.

193. Defendants deny the allegations contained in Paragraph 193, including subsections (a) – (e).

194. Defendants deny the allegations contained in Paragraph 194, including subsections (a) – (b).

195. Defendants deny the allegations contained in Paragraph 195.

196. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 196, including subsections (a) – (d); therefore, Defendants deny all allegations contained in Paragraph 196, including subsections (a) – (d).

197. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 197, including subsections (a) – (b); therefore, Defendants deny all allegations contained in Paragraph 197, including subsections (a) – (b).

198. Defendants deny the allegations contained in Paragraph 198.

199. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 199; therefore, Defendants deny all allegations contained in Paragraph 199.

200. Paragraph 200 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 200.

201. Defendants state that Policy KBA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 201.

202. Defendants state that Policy KBA speaks for itself. Defendant further states that the remainder of Paragraph 202 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 202.

203. Paragraph 203 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 203.

204. Defendants deny the allegations contained in Paragraph 204.

205. Defendants state that correspondence between Plaintiff and the District speaks for itself. To the extent a response is required, Defendants deny the allegations contained in Paragraph 205.

206. Defendants state that Policy BDDL speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 206.

207. Defendants deny the allegations contained in Paragraph 207.

208. Paragraph 208 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 208.

209. Defendants deny the allegations contained in Paragraph 209.

210. Defendants deny the allegations contained in Paragraph 210.

211. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 211; therefore, Defendants deny all allegations contained in Paragraph 211.

212. Defendants admit that it complies with Missouri's Sunshine Law and District policy. Defendants further admit that the District's employees comply with Missouri's Sunshine Law and District policy. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 212.

213. Defendants deny the allegations contained in Paragraph 213.

214. Defendants deny the allegations contained in Paragraph 214.

215. Defendants deny the allegations contained in Paragraph 215.

## REQUEST FOR RELIEF

Defendants admit that Plaintiff purports to request relief. Defendants deny that Plaintiff has a viable cause of action under any theory of fact or law or is entitled to the relief requested. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Plaintiff's Request for Relief Paragraph.

**COUNT I**

216. Defendants incorporate by reference their responses to Paragraphs 1-215, as if fully set forth herein.

217. Defendants state Policy JEC speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 217.

218. Defendants state Policy JECA speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 218.

219. Defendants admit that Berry Pupil is and has been a resident student of the District. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 219; therefore, Defendants deny all allegations contained in Paragraph 219, except as expressly admitted herein.

220. Defendants admit that Berry Pupil is currently enrolled as a 10th grade student in the District. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 220; therefore, Defendants deny all allegations contained in Paragraph 220, except as expressly admitted herein.

221. Defendants admit that Berry Pupil is currently considered a resident student in the District. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 221.

222. Defendants state that the District's correspondence with Plaintiff speaks for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusion of law contained in Paragraph 222.

223. Defendants deny the allegations contained in Paragraph 223.

224. Defendants deny the allegations contained in Paragraph 224.

225. Defendants deny the allegations contained in Paragraph 225.

226. Defendants deny the allegations contained in Paragraph 226.

Defendants deny any allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count I of Plaintiff's Petition and its subsections (A) – (P). Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Count I of Plaintiff's Petition and its subsections (A) – (P) . Thus, Defendants respectfully requests that this Court dismiss Count I of Plaintiff's Petition and its subsections (A) – (P).

**COUNT II**

227. Defendants incorporate by reference their responses to Paragraphs 1-226, as if fully set forth herein.

228. Defendants admit that they comply with District policies. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 228.

229. Defendants admit that they comply with District policies. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 229.

230. Defendants admit that they comply with Missouri law. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 230.

231. Defendants deny the allegations contained in Paragraph 231.

232. Defendants deny the allegations contained in Paragraph 232.

Defendants deny any allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count II of Plaintiff's Petition and its subsections (A) – (I). Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Count II

of Plaintiff's Petition and its subsections (A) – (I). Thus, Defendants respectfully requests that this Court dismiss Count II of Plaintiff's Petition and its subsections (A) – (I).

**COUNT III**

233. Defendants incorporate by reference their responses to Paragraphs 1-232, as if fully set forth herein.

234. Defendants deny the allegations contained in Paragraph 234.

235. Defendants deny the allegations contained in Paragraph 235.

236. Defendants deny the allegations contained in Paragraph 236.

237. Defendants deny the allegations contained in Paragraph 237.

238. Defendants deny the allegations contained in Paragraph 238.

239. Defendants deny the allegations contained in Paragraph 239.

240. Defendants deny the allegations contained in Paragraph 240.

241. Defendants deny the allegations contained in Paragraph 241.

242. Defendants deny the allegations contained in Paragraph 242.

Defendants deny any allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count III of Plaintiff's Petition and its subsections (A) – (H). Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Count III of Plaintiff's Petition and its subsections (A) – (H). Thus, Defendants respectfully requests that this Court dismiss Count III of Plaintiff's Petition and its subsections (A) – (H).

**COUNT IV**

243. Defendants incorporate by reference their responses to Paragraphs 1-242, as if fully set forth herein.

244. Defendants deny the allegations contained in Paragraph 244.

Defendants deny any allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count IV of Plaintiff's Petition and its subsections (A) – (B). Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Count IV of Plaintiff's Petition and its subsections (A) – (B). Thus, Defendants respectfully requests that this Court dismiss Count IV of Plaintiff's Petition and its subsections (A) – (B).

**COUNT V**

245. Defendants incorporate by reference their responses to Paragraphs 1-244, as if fully set forth herein.

246. Defendants state that Policy CC speaks for itself. To the extent further response is required, the Defendants deny all allegations of fact and conclusions of law contained in Paragraph 246.

247. Defendants admit that Dr. Tori Cain is employed as the District's Assistant Superintendent of Student Services. Except as expressly admitted herein, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 247.

248. Defendants deny the allegations contained in Paragraph 248.

249. Defendants deny the allegations contained in Paragraph 249.

250. Defendants deny the allegations contained in Paragraph 250.

Defendants deny any allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count V of Plaintiff's Petition and its subsections (A) – (S). Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Count V of Plaintiff's Petition and its subsections (A) – (S). Thus, Defendants respectfully requests that this Court dismiss Count V of Plaintiff's Petition and its subsections (A) – (S).

**COUNT VI**

251. Defendants incorporate by reference their responses to Paragraphs 1-250, as if fully set forth herein.

252. Defendants deny the allegations contained in Paragraph 252.

253. Defendants deny the allegations contained in Paragraph 253.

254. Defendants deny the allegations contained in Paragraph 254.

Defendants deny any allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count VI of Plaintiff's Petition and its subsections (A) – (J). Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Count VI of Plaintiff's Petition and its subsections (A) – (J). Thus, Defendants respectfully requests that this Court dismiss Count VI of Plaintiff's Petition and its subsections (A) – (J).

**COUNT VII**

255. Defendants incorporate by reference their responses to Paragraphs 1-255, as if fully set forth herein.

256. Defendants admit that the District is a Missouri public school district. The remainder of Paragraph 256 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 256, except as expressly admitted herein.

257. Paragraph 257 contains a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 257.

258. Defendants deny the allegations contained in Paragraph 258.

259. Paragraph 259 contains a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 259.

260. Defendants state that Policy BDDL and KBA speak for themselves. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 260.

261. Defendants state that the correspondence between the District and Plaintiff speak for itself. To the extent further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Paragraph 261.

262. Defendants deny the allegations contained in Paragraph 262.

263. Defendants deny the allegations contained in Paragraph 263.

Defendants deny any allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count VII of Plaintiff's Petition and its subsections (A) – (J). Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Count VII of Plaintiff's Petition and its subsections (A) – (J). Thus, Defendants respectfully requests that this Court dismiss Count VII of Plaintiff's Petition and its subsections (A) – (J).

## EXTRAORDINARY WRIT AND INJUNCTION APPLICATIONS

Defendants admit that Plaintiff purports to request writ and injunctive relief. Defendants deny that Plaintiff has a viable cause of action under any theory of fact or law or is entitled to the relief requested. To the extent that further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Plaintiff's Extraordinary Writ and Injunction Applications Paragraph, except as expressly admitted herein.

## CONCLUSION

Defendants admit that Plaintiff purports to request relief from this Court. Defendants deny that Plaintiff has a viable cause of action under any theory of fact or law or is entitled to the relief requested. To the extent that further response is deemed necessary, Defendants deny all allegations of fact and conclusions of law contained in Plaintiff's Conclusion Paragraphs, except as expressly admitted herein.

## ADDITIONAL ANSWERS AND AFFIRMATIVE DEFENSES

1. Defendants deny each and every allegation of fact and/or conclusion of law that is except as expressly and specifically admitted herein.

2. Plaintiff's Petition fails to state a claim upon which relief may be granted.

3. Defendants state that all actions taken by them with respect to Plaintiff and Berry Pupil were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

4. Plaintiff's claims are barred in that Defendants acted in good faith and with the belief that they were acting in a manner that did not violate established principles of law of which they were or should have been aware.

5. Plaintiff's claims are barred because there is no legal right to participation in interscholastic athletics; and therefore, he is not entitled to judicial review.

6. Plaintiff's claims are barred in that his allegations, even if true, do not constitute "hazing" within the meaning of Board Policy JFCG.

7. Plaintiff's claims are barred in that his allegations, even if true, do not constitute "bullying" within the meaning of Board Policy JFCF.

8. Plaintiff's claims are barred in that his allegations, even if true, do not constitute a violation of the First Amendment to the U.S. Constitution.

9. Plaintiff's claims are barred in that his allegations, even if true, do not constitute a violation of the Fourteenth Amendment to the U.S. Constitution.

10. Plaintiff's claims are barred in that his allegations, even if true, do not constitute a violation of Missouri Sunshine Act, REV. MO. STAT. § 610.

11. Some or all of Plaintiff's claims are barred by the doctrine of consent, laches, waiver, and/or estoppel.

12. While the District expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of law, any such violation occurred outside the scope of employment or agency and without the consent of the District.

13. Some or all of Plaintiff's claims may be barred due to his failure to comply with all conditions precedent and failure to fulfill all jurisdictional prerequisites.

14. Defendants incorporate each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case.

WHEREFORE, Defendants respectfully request that the Court dismiss all claims against Defendants with prejudice, that the Court award Defendants its costs incurred in defending this matter, and for such further relief as this Court deems just and proper.

Respectfully submitted,

TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C.

By: /s/ Mandi D. Moutray
Melanie G. Keeney, #37889MO
Mandi D. Moutray, #66096MO
Shannon M. Orbe, #71107MO
34 N. Meramec Avenue, Suite 600
St. Louis, MO 63105
(314) 880-3600
(314) 880-3601 (facsimile)
mkeeney@tuethkeeney.com
mmoutray@tuethkeeney.com
sorbe@tuethkeeney.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies a true and correct copy of the foregoing was sent via the Court's electronic filing system and electronic mail on this 27th day of June 2025 upon the following:

Paul Berry III
11932 Barbara Dr.
Maryland Heights, MO 63043
PBIIIUSA@gmail.com

*/s/ Mandi D. Moutray*